ATTORNEY FOR HON.
MICKEY K. WEBER, JUDGE

James H. Voyles, Jr.
Indianapolis, Indiana

ATTORNEYS FOR THE COMMISSION
ON JUDICIAL QUALIFICATIONS

Adrienne L. Meiring
Elizabeth Daulton
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 10S00-1409-JD-606

IN THE MATTER OF THE HONORABLE
MICKEY K. WEBER, JUDGE
OF THE CLARKSVILLE TOWN COURT



FILED
Dec 05 2014, 2:47 pm
CLERK
of the supreme court,
court of appeals and
tax court

## JUDICIAL DISCIPLINARY ACTION

**December 5, 2015**

**Per Curiam.**

This matter comes before the Court as a result of a judicial disciplinary action brought by the Indiana Commission on Judicial Qualifications ("Commission") against Respondent Mickey K. Weber, Judge of the Clarksville Town Court. Article 7, section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give the Indiana Supreme Court original jurisdiction over this matter.

Subsequent to the filing of formal charges by the Commission, the parties jointly tendered a "Statement of Circumstances and Conditional Agreement for Discipline" in which they have stipulated to the following facts. On January 16, 2014, Respondent was involved in an automobile accident in Louisville, Kentucky, that resulted in property damage to two parked cars and a fence. When later questioned by police at the hospital, Respondent admitted consuming

alcohol prior to driving and having "too many" beers at a local area bar. Respondent refused to submit to a breathalyzer test or provide a blood sample. Noticing Respondent had glassy eyes and slurred speech, the officer arrested Respondent.

The following day, Respondent reported his arrest to the Commission and contacted the Indiana Judges and Lawyers Assistance Program ("JLAP").

On March 28, 2014, Respondent pled guilty to Criminal Mischief in the second degree, Ky. Rev. Stat. Ann. § 512.030 (West 2014), and Operating a Motor Vehicle While under the Influence of Alcohol, Ky. Rev. Stat. Ann. § 189A.010(5)(a) (West Supp. 2014). The court ordered Respondent to complete an alcohol class, assessed fines and court costs against him, and imposed a mandatory driver's license suspension against Respondent.

The parties agree that the conduct recited above violates Rules 1.1[1] and 1.2[2] of the Code of Judicial Conduct. The parties also agree that the gravity of Respondent's conduct is aggravated by the fact that Respondent has had previous legal issues related to alcohol abuse and still engaged in the conduct recited above. In mitigation, the parties note that he is remorseful for his conduct and at no time during the police investigation or arrest did Respondent refer to his judicial title or allude to his judicial status, nor did he attempt to gain any advantage in his criminal proceedings from his status as an Indiana judge.

In light of the facts of this case, the parties submit that the appropriate sanction is as follows: a public reprimand; Respondent's resignation from the Clarksville Town Court within ten (10) days of the date of this opinion, to be effective on December 31, 2014; Respondent's ineligibility for future judicial service unless/until he successfully completes an approved treatment plan and two-year monitoring agreement with JLAP; and Respondent paying the costs

---

[1] Rule 1.1 provides, "A judge shall comply with the law, including the Code of Judicial Conduct." Ind. Judicial Conduct Rule 1.1 (West 2014) (definitional asterisk removed).

[2] Rule 1.2 provides, "A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Jud. Cond. R. 1.2 (definitional asterisks removed).

of this proceeding. The Court accepts the parties' Statement of Circumstances and Conditional Agreement for Discipline and the proposed sanction it contains.

Accordingly, Mickey K. Weber, Judge of the Clarksville Town Court, is hereby reprimanded. Within ten (10) days of the date of this opinion, Judge Weber shall tender his resignation from the Clarksville Town Court, which shall be effective December 31, 2014. Thereafter, he shall be ineligible for future judicial service in Indiana unless/until he submits to, and successfully completes to the satisfaction of JLAP, a two-year monitoring agreement and treatment plan approved by JLAP.

This discipline terminates the disciplinary proceedings relating to the circumstances giving rise to this cause.

Rush, C.J., and Dickson, Rucker, David, and Massa, JJ., concur.